Belton v Vornado Gun Hill Rd., LLC (2020 NY Slip Op 07489)





Belton v Vornado Gun Hill Rd., LLC


2020 NY Slip Op 07489


Decided on December 15, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 15, 2020

Before: Kapnick, J.P., Mazzarelli, Singh, Kennedy, JJ. 


Index No. 21209/17E Appeal No. 12653 Case No. 2020-00939 

[*1]Shellye Belton, Plaintiff-Respondent,
v
Vornado Gun Hill Road, LLC, et al., Defendants-Appellants.


Chesney, Nicholas & Brower, LLP, Syosset (Scott A. Koltun of counsel), for appellants.
Burns & Harris, New York (Jason S. Steinberg of counsel), for respondent.



Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered December 23, 2019, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff slipped and fell as she was walking towards the door of defendants' restaurant. She testified that once she was on the floor, she saw a shiny liquid that was like black ice. Defendants did not make out a prima facie case that they lacked constructive notice of the allegedly dangerous condition (Graham v YMCA of Greater NY, 137 AD3d 546 [1st Dept 2016]). The restaurant manager gave only general testimony as to when the floor might have been inspected before plaintiff fell. Further, he testified that the bus people were supposed to look at the floor to make sure that there was no wetness, but there's no evidence in the record as to how often they actually did so, or whether they did so at all. Indeed, when asked at his deposition whether he knew the specific time before the accident that the floor had been inspected, he responded that he did not know. Moreover, the manager's affidavit contradicts his earlier deposition testimony, as the affidavit gave specific detail about inspections, saying that the manager himself inspected the floor every 5 to 10 minutes, despite his deposition testimony that he usually spent most of his time in the front of the house or the back office.
The cases defendants cite are distinguishable, generally presenting fact patterns in which the plaintiffs could not identify what caused them to slip and did not see anything on the floor either before or after their falls. Further, whether an area can be considered "heavily trafficked" is not an appropriate question to decide on summary judgment, and in any event, that an area is not heavily trafficked does not mean there could not have been a spill there, particularly in light of the manager's testimony that servers did, in fact, use that area to carry drinks to customers.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2020